IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PATRICIA J. GIBSON, )
    Plaintiff, )
)
v. ) CIVIL ACTION NO.:
)
WESTPOINT STEVENS, INC., ) 3.06 cv 974-MEF
WESTPOINT HOME, INC., )
    Defendants. )

COMPLAINT     **DEMAND FOR JURY TRIAL**

1. The Plaintiff, Patricia J. Gibson, hereby files this Complaint against the named Defendants. The Plaintiff resides at 403 Fairwood Drive in Valley, Alabama 36854, and has resided there for more than six months. She is over the age of nineteen years.

2. The Defendants are WestPoint Stevens, Inc. and WestPoint Home, Inc. The principal office of the named Defendants is 507 West 10th Street, Post Office Box 71, West Point, Georgia 31833.

3. The Defendants are in the textile industry and conduct business in that regard in Valley, Chambers County, Alabama at Lanier/Carter Mills, Post Office Box 248, Valley, Alabama 36854, located off Interstate 85 on the Valley-Huguley ext. The Defendants employ approximately 300 individuals.

**JURISDICTION**

4. This action is brought pursuant to an alleged violation of the Age Discrimination in Employment Act. Jurisdiction is founded upon 29 U.S.C. §§ 621, *et seq.*

**PARTIES**

5. The Plaintiff, Patricia J. Gibson, ("Gibson"), is a former employee of the Defendants in their Valley, Alabama plant. She was initially hired on 16 August 1975. Gibson performed on at least five different jobs within the plant over a period of 30 years. The last job she performed was as a warper.

6. The Defendants terminated the Plaintiff on 26 August 2005.

**FACTUAL ALLEGATIONS**

7. The Plaintiff alleges that the Defendants terminated her employment based upon age discrimination. Gibson alleges that the Defendants subjected her to harassing comments, write ups without cause and was targeted simply because of her age.

8. The Plaintiff alleges that she was singled out by one supervisor who, while working in the line and scope of his employment for the Defendants, would write her up while she was working under the supervision of another supervisor. She further avers that others on the job allegedly made mistakes and did not get written up for them as she did.

9. Further, Gibson alleges that another supervisor, while working in the line and scope of his employment for the Defendants, remarked to her that all her children are now grown, that she has grandchildren and that she can now move on. Still further, another supervisor, while working in the line and scope of his employment for the Defendants, questioned that she was still at the plant. The Plaintiff alleges that in each instance she was

2

made to feel as though they believed she was too old to be on the job at the plant.

10. Further still, the Plaintiff alleges that after termination, the Defendants denied her benefits, even after a member of management informed her that he "would get my papers ready." Gibson alleges that she believed that he was referring to her retirement papers. Further, she avers that no one has contacted her since her termination, and that each time she has called to inquire about her retirement, no one has responded.

11. The Plaintiff avers that she is over 40 years old, born 8 November 1947, that she performed her job for almost 30 years; that she has suffered a termination, loss of benefits, and suffered the loss of income for a period of time that caused her to suffer tremendously, including the process of foreclosure on her home. Further, after her termination, the Defendants hired a younger person to replace Gibson.

12. She further avers that the Defendants' conduct constitutes discrimination with respect to her age, and that their conduct was willful and reckless.

13. The Plaintiff avers that, among those who discriminated against her, are Billy Joe Stewart, supervisor, a white male; Bill Anderson, supervisor, a white male; Tim Wilbanks, human resource personnel, a white male; and, Calvin Olgetree, safety director, a black male.

14. The Plaintiff avers that she filed charges with the Equal Employment Opportunity Commission regarding the Defendants' alleged discriminatory conduct on or about the 4th day of January, 2006. That she has attached a copy of the Notice of Right-to-Sue Letter issued by the Equal Employment Opportunity Commission. That said letter was received on or about the 2nd day of August, 2006.

**WHEREFORE,** the Plaintiff demands the following relief:

   A. Backpay;

   B. Front Pay;

   C. Actual, Compensatory, Liquidated and Punitive Damages;

   D. Reasonable costs and expenses herein, including reasonable attorney's fees; and,

   E. Any and all further relief that the Court deems necessary and proper to effect justice in this cause.

RESPECTFULLY SUBMITTED on this ___27th___ day of October, 2006.

*/s/ Lateefah Muhammad*
Lateefah Muhammad (Ala. Code MUH001)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee Institute, Alabama 36087
(334) 727-1997
lateefahmuhammad@aol.com

The Plaintiff demands a trial by jury on all issues so triable.

*/s/ Lateefah Muhammad*
Lateefah Muhammad

4

STATE OF ALABAMA )
)
MACON COUNTY )

### VERIFICATION

Before me, a Notary Public in and for said County in said State, personally appeared, Patricia J. Gibson, who, being first duly sworn, makes oath that she has read the foregoing Summons and Complaint in *Gibson v. WestPoint Stevens, Inc., WestPoint Home, Inc.* and knows the contents thereof, and that she, informed and believed, and upon such information and belief, averred that the facts alleged are true and correct to the best of her knowledge.

Patricia J. Gibson
403 Fairwood Drive
Valley, Alabama 36854

SWORN TO AND SUBSCRIBED BEFORE ME this 27th day of October, 2006.

Notary Public

My Commission expires: 12/03/08

Lateefah Muhammad
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997
lateefahmuhammad@aol.com

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: **Patricia Gibson**<br>403 Fairwood Drive<br>Valley, AL 36854 | From: **Birmingham District Office**<br>Ridge Park Place, Suite 2000<br>1130 - 22nd Street, South<br>Birmingham, AL 35205 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2006 01200 | Arthur L. Sanders, Investigator | (205) 212-2058 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Bernice Williams-Kimbrough_  7/31/06
(Date Mailed)

Enclosure(s)

cc: **Tim Wilbanks, Attorney**
**Westpoint Home**
P.O. Box 71
West Point, GA 31833

REC'D AUG 18 2006