IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATRICIA J. GIBSON, | ) |
| Plaintiffs, | ) ) ) |
| v. | )     Civil Action No. 3:06-CV-974-MEF |
| WESTPOINT STEVENS INC., and WESTPOINT HOME, INC., | ) ) ) ) |
| Defendants. | ) ) |

## ANSWER

**COME NOW** the Defendants, WestPoint Stevens Inc., ("WPS") and WestPoint Home, Inc. ("WPH"), and answer the Complaint as follows:

### PRELIMINARY STATEMENT

On June 1, 2003, WPS, and certain affiliates (collectively, the "Debtors"), commenced bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pursuant to chapter 11 of Title 11 of the United States Code. The chapter 11 cases are jointly administered under case number 03-13532 (RDD) and remain pending, although the Debtors' estates are administratively insolvent.

Pursuant to an order of the Bankruptcy Court dated July 8, 2005, ("Sales Order"), substantially all of the assets of WPS were sold to WPH, and that sale closed on August 8, 2005. At this time, WPS has no employees, no assets, no ability to defend this lawsuit, except to the extent its co-defendant, WPH, is able to defend WPS, along with itself, and no ability to pay any judgment. Under the terms of the Sales Order of the Bankruptcy Court and the Asset Purchase Agreement, potential employment liabilities of WPS were not assumed by WPH.

On August 26, 2005, the Plaintiff was terminated by WPH. The Plaintiff can assert no viable

claims against WPS that arose after WPH's purchase of WPS' assets on August 8, 2005. The Plaintiff can assert no viable claims against WPH, that arose before WPH's purchase of WPS' assets on August 8, 2005.

In answering this Complaint, WPH is responding for itself and for WPS, based upon information that it has available to it. Nothing in the Answer should be construed as an admission by WPH that it has any liability for any acts or omissions occurring before the purchase of WPS' assets and WPH's employment of the Plaintiff, both of which occurred on August 8, 2005. WPH denies any and all liability, including, but not limited to, liability alleged for acts occurring before August 8, 2005. Nothing in this Answer should be construed as an admission by WPS that it has any liability for any acts or omissions occurring after the sale of its assets and WPH's employment of Plaintiff, both of which occurred on August 8, 2005. WPS denies any and all liability, including but not limited to, liability alleged for acts occurring after August 8, 2005.

### FIRST DEFENSE

The Complaint fails to allege facts sufficient to state any claim or constitute any cause of action against the Defendants upon which any relief may be granted.

### SECOND DEFENSE

Defendants deny that they have, in any way, harmed or damaged Plaintiff Patricia G. Gibson ("Gibson" or "Plaintiff"), as alleged in the Complaint.

### THIRD DEFENSE

To the extent that Gibson seeks to state a claim for alleged acts of age discrimination occurring outside the one hundred eighty (180) day period before the filing of a relevant valid charge of age discrimination with the EEOC, which is proved to be properly before the Court in this action, such relief is time barred by the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. §

626(d), and is without the period of limitations.

## FOURTH DEFENSE

To the extent that Gibson seeks monetary relief in the form of backpay under the ADEA for alleged acts of discrimination occurring before two (2) years prior to the filing of a relevant, valid charge of age discrimination with the EEOC, such relief is time barred by ' 626(b) of the ADEA and the Fair Labor Standards Act, 29 U.S.C. §§ 216(b), 255, 260.

## FIFTH DEFENSE

The Defendants deny that Gibson's age was a factor in any action taken concerning Gibson's employment.

## SIXTH DEFENSE

Even if the trier of fact determines that Defendants' employment decisions regarding Gibson were motivated in part by age discrimination, which is denied, these decisions would have been taken in any event for legitimate, non-discriminatory reasons.

## SEVENTH DEFENSE

If Defendants prove they would have acted as they did before August 8, 2005, regardless of a discriminatory motive, plaintiffs' claim should be dismissed or, alternatively, any damages and attorneys' fees should be appropriately limited.

## EIGHTH DEFENSE

No causal connection exists between any of the challenged employment decisions and Gibson's age.

## NINTH DEFENSE

At all relevant times, the Defendants maintained policies prohibiting age discrimination and workplace harassment which were publicized and disseminated to employees. The Defendants

promptly and thoroughly investigated any alleged complaints of age discrimination/harassment, and took appropriate and prompt remedial action to correct any alleged unlawful age discrimination/harassment, thereby fulfilling all obligations to exercise reasonable care in preventing and promptly correcting any alleged unlawful age discrimination/harassment of Gibson.

## TENTH DEFENSE

Gibson unreasonably failed to use the reporting procedure under Defendants' policies against age discrimination and anti-harassment policies or otherwise avail herself of opportunities provided by Defendants to prevent or correct the alleged unlawful age discrimination/harassment or otherwise avoid harm.

## ELEVENTH DEFENSE

The alleged discriminatory acts by Defendants' purported agents do not meet the standard for direct evidence of age discrimination and are not sufficiently severe or pervasive to create a hostile work environment.

## TWELFTH DEFENSE

Any award of punitive damages against the Defendants would violate rights guaranteed by the Constitution of the United States and the Constitution of the State of Alabama.

## THIRTEENTH DEFENSE

Punitive damages are not available because the actions alleged in the Complaint were contrary to Defendants' policies and good-faith efforts to comply with the laws. *Kolstad v. American Dental Association,* 527 U.S. 526 (1999).

## FOURTEENTH DEFENSE

Liability is denied, but to the extent liability is found, Gibson cannot recover injunctive relief, compensatory damages, liquidated damages, punitive damages, front pay, pain and suffering,

or any other damages other than back pay and loss of benefits, offset by any ability to mitigate those claims.

### FIFTEENTH DEFENSE

Liability is denied, but to the extent liability is found, and to the extent Gibson has failed to mitigate her damages, her damages should be limited to any amounts Gibson would have suffered had she reasonably mitigated her damages.

### SIXTEENTH DEFENSE

Gibson violated specific written company policies for which discipline or discharge is the appropriate remedy for any employee.

### SEVENTEENTH DEFENSE

To the extent Gibson seeks equitable relief, she is barred because there is an adequate remedy at law.

### EIGHTEENTH DEFENSE

To the extent Gibson seek equitable relief, she is barred because she comes before this Court with unclean hands, and is guilty of laches.

### NINETEENTH DEFENSE

Plaintiff is not entitled to liquidated damages because Defendants did not willfully violate the ADEA, and Defendants neither knew nor should have known that any conduct violated the ADEA.

### TWENTIETH DEFENSE

With respect to the separate allegations of the Complaint, Defendants plead as follows:

1. Upon information and believe, the allegations of Paragraph 1 are admitted.

2. The allegations of Paragraph 2 are admitted, with the qualification that the assets of WPS were sold pursuant to Section 363 of the Bankruptcy Code to WPH on August 8, 2005 (*See*

Preliminary Statement), and the further qualification that WPS has no principal office.

3. Each and every allegation of Paragraph 3 is denied as to WPS, but admitted as to WPH.

## JURISDICTION

4. Upon information and belief, the allegations of Paragraph 4 are admitted, but Defendants deny that either of them has violated the ADEA in any respect.

## PARTIES

5. The allegations of Paragraph 5 are denied with the qualification that WPS hired Gibson on September 4, 1973, as a Spooler Learner, and separated Gibson on January 7, 1974. Gibson was rehired by WPS on August 15, 1975. Gibson worked as a Spooler Tender, Warp Spinner and Warper Operator. Gibson was hired by WPH on August 8, 2005, and worked for WPH until her termination on August 26, 2005. Gibson's last position was a Warper Operator. The remaining allegation of paragraph 5 that Gibson is a former WPS employee and a former WPH employee is admitted.

6. Each and every allegation of Paragraph 6 is denied as to WPS, but admitted as to WPH.

## FACTUAL ALLEGATIONS

7. Each and every allegation in Paragraph 7 is denied.

8. Each and every allegation in Paragraph 8 is denied.

9. Each and every allegation in Paragraph 9 is denied.

10. Each and every allegation in Paragraph 10 is denied.

11. Regarding the allegations of Paragraph 11, it is admitted that Gibson was employed by WPS, and then by WPH, for a combined total of thirty years, and that her employment at WPH

was terminated. It is admitted upon information and belief that Gibson is over the age of forty, and that her birth date is November 8, 1947. Each and every remaining allegation of paragraph 11 is denied.

12. Each and every allegation of Paragraph 12 is denied.

13. Each and every allegation of Paragraph 13 is denied.

14. Regarding the allegations of Paragraph 14, Defendants deny that Gibson filed a charge of discrimination with the EEOC on January 4, 2006, or at any time within one hundred eighty (180) days after the termination of her employment on August 26, 2005. A Notice of Right to Sue was issued by the EEOC on July 31, 2006. Defendants are without sufficient knowledge of whether or when Gibson received the Notice of Right to Sue, and, therefore, each and every remaining allegation of Paragraph 14 is denied.

15. Each and every allegation in Gibson's Prayer for Relief, including Paragraphs A, B, C, D, and E, is denied.

16. Each and every allegation not expressly admitted above is denied.

WHEREFORE, having fully answered the Complaint, Defendants pray that the Complaint be dismissed in its entirety with prejudice and that Defendants be awarded attorneys= fees and costs for defending this action and such other and further relief as this Court may deem just and equitable.

Dated this ____ day of December, 2006.

Respectfully submitted,

By: _____
Fred W. Suggs, Jr. (#ASB-3587-G61F)

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
300 North Main Street
Post Office Box 2757
Greenville, South Carolina 29602

Greenville, South Carolina  29602
Telephone:  (864) 271-1300
Facsimile:  (864) 235-4754
E-Mail:  fred.suggs@odnss.com

By:  /s/James C. Pennington
James C. Pennington (#ASB-1287-N62J)

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place
1819 5th Avenue North, Suite 1000
Birmingham, Alabama  35203-2118
Telephone:  (205) 328-1900
Facsimile:  (205)328-6000
E-Mail:  james.pennington@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Lateefah Muhammad

/s/James C. Pennington
James C. Pennington

4556861.1

8