UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| Patricia J. Gibson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.:  3:06-CV-974-MEF |
| | ) | |
| v. | ) | |
| | ) | |
| WestPoint Stevens, Inc., and | ) | |
| WestPoint Home, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### DEFENDANTS' MEMORANDUM SUPPORTING ITS MOTION TO COMPEL DISCOVERY

COMES NOW, the Defendants, WestPoint Stevens, Inc. ("WPS") and WestPoint Home, Inc. ("WPH") (collectively "WestPoint" or "Defendant"), and pursuant to Rules 26, 33, 34, 36 and 37, submit the following:

1.     The Rule 26(f) Order, issued by the Court on December 8, 2006, established the deadline for filing a discovery plan as not later than January 5, 2007.  The Report of Parties' Planning Meeting was filed on January 3, 2007, and, after the Court vacated its first Uniform Scheduling Order, a new Report of Parties' 26(f) Meeting was submitted on February 9, 2007. Under the Plan, the parties agreed to exchange Initial Disclosures on or before March 2, 2007. On February 23, 2007, WestPoint met its obligation and supplied Plaintiff with its Initial Disclosures, including Bates stamped documents numbering from 1 to 393.  Plaintiff served her Initial Disclosures by mail on the deadline, March 2 (Attachment A).  Plaintiff's counsel provided no documents but admitted that Plaintiff had documents and declared that the documents would be supplied as soon as Plaintiff's counsel obtained them from Plaintiff Patricia

Gibson. The Plaintiff's counsel also agreed to provide a computation of damages when she received the documents from Ms. Gibson.

2.    Defendants' counsel advised Plaintiff's counsel by letter, dated March 26, 2007, that Plaintiff's response to the Rule 26(a)(1) Disclosures was inadequate (Attachment B).

3.    On February 19, 2007, WestPoint served Defendants' First Interrogatories to the Plaintiff, Defendants' First Requests for Production of Documents to the Plaintiff, and Defendants' First Requests for Admissions to the Plaintiff (Attachments C – F).

4.    WestPoint reminded Plaintiff's counsel by letter, dated April 3, 2007, that Plaintiff's responses to this written discovery were past due,[1] and reiterated its request that Plaintiff provide an adequate response to her Initial Disclosures (Attachment G).

5.    As mentioned in Defendants' counsel's letter to Plaintiff's counsel, dated April 3, 2007, Defendants' counsel did telephone Ms. Muhammad to discuss her tardy discovery on April 3, 2007, at 2:54 p.m.  Ms. Muhammad said she was with someone and would return the call in the afternoon.  Defendants' counsel gave Plaintiff's counsel his cell phone number to facilitate the conversation (Attachment H).

6.    Plaintiff's counsel did return Defendants' counsel's call at 4:32 p.m., on April 3, leaving a lengthy telephone message making excuses for not having provided discovery but claiming that she would probably know "within the next week" when discovery could be provided (Attachment I).

7.    Defendants' counsel confirmed, by letter dated April 4, 2007, that Defendant would grant an extension, but pointed out that Defendants were "not willing to wait until 'Friday of next week [to] see where we are' . . . but [were] willing to agree upon a date certain. . . ."

---

[1] WestPoint had previously reminded Plaintiff's counsel that the responses to this written discovery were due in its letter of March 26, 2007 (Attachment B).

Defendants' counsel closed by stating that Defendants had no desire to file a motion to compel discovery if Plaintiff's counsel would agree to provide responses within a reasonable time (Attachment J).

8.      Counsel conferred by telephone on April 9, 2007. During the conversation, Ms. Muhammad agreed to provide discovery "at least by facsimile no later than Friday, April 13" (Attachment K). Friday, April 13, came and went with no responses to WestPoint's discovery or the supplementation of Initial Disclosures, but counsel received a letter promising the responses by the next Friday, April 20 (Attachment L). Defendants' counsel replied that, based on Plaintiff's counsel's representations, no motion to compel would be filed before Friday, April 20. Defendants' counsel observed that it was unclear how Ms. Gibson's inability to locate documents had prevented Plaintiff's counsel from responding on Ms. Gibson's behalf to Interrogatories and Requests to Admit and must, therefore, deem the Requests for Admissions to be admitted (Attachment M).

9.      Plaintiff has failed to comply with the rules requiring her to make disclosures under Rule 26(a)(1), and has failed to respond timely to WestPoint's written discovery. WestPoint has granted extensions, and, as shown by the attachments, has attempted to work with Plaintiff's counsel to resolve this matter without the intervention of the Court.

10.      Plaintiff's failure to respond to written discovery is delaying the process of this matter and prejudices WestPoint in the preparation of its case. Dispositive motions are due no later than August 6, and discovery closes on October 19.

WHEREFORE, WestPoint asks the Court to compel the Plaintiff to immediately provide complete disclosures under Rule 26(a)(1), and immediately respond to WestPoint's First Interrogatories and First Requests for Production. Fed. R. Civ. P. 37(a). WestPoint asks that its

First Requests for Admissions be deemed admitted. Fed. R. Civ. P. 36(a). WestPoint requests

its expenses and costs in having to make this motion. Fed. R. Civ. P. 37(a)(4).

       Dated this 23rd day of April, 2007.

                        Respectfully submitted,

                        **/s/ Fred W. Suggs, Jr.**          
                        Fred W. Suggs, Jr.
                        (ASB-3587-G61F)

OGLTREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
300 North Main Street (29601)
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: (864) 271-1300
Facsimile: (864) 235-4754
Fred.Suggs@ogletreedeakins.com

James C. Pennington (ASB-1287-N62J)
OGLTREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place
1819 5th Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
James.Pennington@odnss.com

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on April 23, 2007, I electronically filed the foregoing **Defendants'**

**Memorandum Supporting its Motion to Compel Discovery** with the Clerk of the Court using

the CM/ECF system, which will send notification of such filing to the following:

                     Lateefah Muhammad

                        Respectfully submitted,

                        **/s/ Fred W. Suggs, Jr.**
                        Fred W. Suggs, Jr.

                                            4889886.1

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

COPY

| | | |
|---|---|---|
| PATRICIA J. GIBSON | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 03-06cv974-MEF-TFM |
| | ) | |
| WESTPOINT STEVENS, INC. | ) | |
| et al., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

The Plaintiff, by and through her attorney of record, submits this Plaintiff's Initial Disclosure to the Defendants, by and through their counsel of record, pursuant to Rule 26(a)(1)(A-D). The Plaintiff reserves the right to supplement these Disclosures.

1. The following individuals are likely to have discoverable information relevant to disputed facts. The subject information is shown next to each name:

   a. Shannon Jennings Lyons - Plaintiff's replacement, age, date hired, duties;

   b. Lelia Mae Dennis - Plaintiff's performance on the job;

   c. Carrie Little McLemore - Plaintiff's performance on the job;

   d. Troy Leveridge - Plaintiff's performance on the job;

   e. James King - Plaintiff's performance on the job;

   f. Denise Turner Forgum - Plaintiff's performance on the job;

   g. Mattie Gibson - Plaintiff's performance on the job;

   h. Vennie Carr - Plaintiff's performance on the job; and,

   i. Each person named and referred to in Plaintiff's Original Complaint.

2. The Plaintiff has copies of her payroll stubs from her employer(s) since the

1

**ATTACHMENT A**

termination from the Defendants' employment. She also has copies of the foreclosure documents regarding her home. Further, the Plaintiff has medical records indicating health conditions along with medical bills. Still further, the Plaintiff has copies of her retirement information. These copies will be supplemented by Plaintiff's counsel upon receipt from the Plaintiff.

3. The Plaintiff's counsel will provide a computation of damages claimed upon receipt of copies from the Plaintiff as referred to in Item #2 above.

Respectfully submitted,

Lateefah Muhammad (*Ala. Code* MUH001)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997 telephone and facsimile
lateefahmuhammad@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Initial Disclosures to James C. Pennington, Esquire and Fred Suggs, Jr., Esquire, attorneys for Defendants, by sending it to OGLETREE DEAKINS, P.C., One Federal Place, Suite 1000, 1819 Fifth Avenue North, Birmingham, Alabama 35203, in the United States Mail, postage prepaid, on this 2nd day of March, 2007.

Lateefah Muhammad

2

# ATTACHMENT B

# Ogletree
# Deakins
#### ATTORNEYS AT LAW

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

The Ogletree Building
300 North Main Street
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: 864.271.1300
Facsimile: 864.235.4754
www.ogletreedeakins.com

March 26, 2007

Lateefah Muhammad, Esquire
P.O. Box 1096
Tuskegee Institute, AL  36087

  **Re:**  *Patricia Gibson v. WestPoint Stevens, Inc. and WestPoint Home, Inc.*
    *C. A. No.: 3:06-CV-974-MEF*

Dear Ms. Muhammad:

  We request that you immediately supply the documents mentioned in paragraph 2 and the computation of damages listed in paragraph 3 of Plaintiff's Initial Disclosures, which were served on March 2, 2007.  Sufficient time has elapsed for you to obtain these documents from your client and supply them to us.

  Please note that Ms. Gibson's answers to WestPoint Home's written discovery (served February 19) are due.

    Very truly yours,

    OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.

    Fred W. Suggs, Jr.

FWS, Jr./blg
Enclosure

## ATTACHMENT B

# ATTACHMENT C

# Ogletree
# Deakins
ATTORNEYS AT LAW

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

The Ogletree Building
300 North Main Street
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: 864.271.1300
Facsimile: 864.235.4754
www.ogletreedeakins.com

February 19, 2007

Lateefah Muhammad, Esquire
Post Office Box 1096
Tuskegee Institute, Alabama 36087

Re:    Patricia Gibson v. WestPoint Stevens, Inc. and WestPoint Home, Inc.
       C. A. No.:  3:06-CV-974-MEF

Dear Ms. Muhammad:

Enclosed are Defendants' First Interrogatories to the Plaintiff, Defendants' First Request for Production of Documents to the Plaintiff, and First Request for Admissions to the Plaintiff.

Sincerely,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P. C.

Fred W. Suggs, Jr.

FWS, Jr./smc
Enclosures

**ATTACHMENT C**

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Columbia, SC • Dallas, TX • Greensboro, NC • Greenville, SC • Houston, TX • Indianapolis, IN
Kansas City, MO • Los Angeles, CA • Miami, FL • Morristown, NJ • Nashville, TN • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Washington, DC

# ATTACHMENT D

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA J. GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. NO.: 3:06-CV-974-MEF |
| | ) | |
| WESTPOINT STEVENS, INC., and | ) | |
| WESTPOINT HOME, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' FIRST INTERROGATORIES TO THE PLAINTIFF

Pursuant to Fed. R. Civ. P. 33, WestPoint hereby propounds the following interrogatories to plaintiff, Patricia J. Gibson, to be answered under oath and in writing within 30 days.

## DEFINITIONS

Wherever used in these interrogatories unless the context requires otherwise:

1.      The word "identify" or any variation thereof means:

(a)      with respect to a person, state: his or her full name and other name(s) by which the person has been known; date of birth; marital status; residence address; business address; and employer or business activity;

(b)      with respect to a firm, business, or corporation, state: its full and correct name; the address of its principal place of business; its place of incorporation or partnership; and the name and address of its registered agent;

(c)      with respect to a document, state: the type of document; its author; and any

**ATTACHMENT D**

other characteristics necessary to identify the document, including its present location and custodian, so as to form the basis for a Rule 34 request for production. As to any document which was, but no longer is in the possession, custody or control of the plaintiff, Gibson, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred to another person or entity, or (iv) has been otherwise disposed of (and, if so, how it has been disposed of).

2.    The term "document" is used in the broad sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and whether sent or received or neither: namely, correspondence; letters; papers; agreements; communications, including intracompany communications; memos; statements; notes; e-mails, cables; telegrams; telephonically transmitted tangible communications; "faxes"; telexes; memoranda; notices; records; books; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; newspapers, magazines and other publications and clippings therefrom; forecasts; statistical statements; accountants' work papers; graphs; charts; ledgers; journals; books or records of account; summaries of accounts; balance sheets; income statements; minutes or records of meetings or conferences; desk calendars; wall calendars; appointment books (including pocket appointment books); reports and/or summaries of interviews; reports and or summaries of investigations; rough or scratch pad notes; records; reports or summaries of negotiations; studies; brochures; pamphlets; circulars; press releases; contracts; memoranda of understanding; projections; all drafts of any documents; working papers; marginal

notations; photographs; drawings; checks (front and back); audio or video recordings and any transcripts thereof; computer printouts; data processing input and output; microfilms; check stubs or receipts; and any other document or writing or written or recorded text of whatever description.

As used herein, "document" means the original and any non-identical copy. Handwritten notations of any kind on the original or on any copy of a document render the document non-identical.

3.      The word "or" means "and/or".

## INSTRUCTIONS

1.      These interrogatories are continuing in character so as to require supplemental answers when Gibson comes into the possession of knowledge or information responsive to the interrogatories which has not previously been supplied. Gibson shall serve such supplemental answers upon obtaining such further information or knowledge.  In addition, Gibson shall state the date when such additional knowledge or information came into her possession and shall identify the persons who furnished such additional information or knowledge.

2.      Whenever Gibson is asked in these interrogatories to "state", "explain", "set forth", "list", "describe" or "define" a fact, event, item assertion or allegation, Gibson is to explain and describe the fact, event, item, assertion or allegation, completely and in detail, giving the reasons therefore, the dates and places involved and the persons and acts involved.

3.      Whenever appropriate in these interrogatories, the singular shall be interpreted as plural and vice versa; the present tense shall include the past tense and vice

versa; and the masculine shall include the feminine, the neuter and vice versa.

4.     If Gibson lacks the knowledge necessary to answer any interrogatory, Gibson should so state.

5.     If any answer is made upon information and belief, Gibson should so state and set forth and identify with specificity the source of such information and belief.

6.     If Gibson refuses to answer an interrogatory on the ground of privilege, Gibson should state the specific nature of the privilege claimed, set forth the factual basis supporting that claim, and identify with specificity and clarity the information or material with regard to which Gibson asserts the privilege.

## INTERROGATORIES

1.     Identify[1] and describe each and every incident, circumstance, or manner in which the Plaintiff, Patricia Gibson, was harassed, as alleged in paragraph 7 of the Complaint, including the date and time of each incident of alleged harassment, the name, position and age of the alleged harasser, and the name, position and age of any witnesses to the alleged harassment.

2.     Identify and describe each and every incident, circumstance, or manner in which the Plaintiff, Patricia Gibson, was given discipline without cause, as alleged in paragraph 7 of the Complaint, including the date and time of each disciplinary act and the name, position and age of the person who disciplined Gibson.

3.     Identify and describe any report or complaint of age discrimination made by Gibson to any representative of WestPoint, including the date, the name, position and age of the representative to whom Gibson complained, and any action taken as a result of

---

[1] See the definition of "Identify" on the first page of these Interrogatories and carefully provide all the information necessary to completely identify individuals as required by that definition.

the report or complaint.

4.      Identify each employee, including the employee's name, position, and age, who Gibson claims was not disciplined for mistakes which were the same, or substantially the same, as mistakes made by Gibson for which she received discipline, as claimed in paragraph 8 of the Complaint.

5.      Identify each of the supervisors referenced in Paragraphs 8 , 9 and 10 of the Complaint, and describe by supervisor the actions which Gibson alleges each supervisor committed.

6.      Identify by name, position, age and the other characteristics in the definition of "Identify"[2], the employee who Gibson claims replaced her as alleged in paragraph 11 of the Complaint.

7.      State with specificity how each individual named in Paragraph 13 of the Complaint discriminated against Gibson.

8.      Identify the reasons given to Gibson for the termination of her employment, identify who gave the reasons to Gibson, state when the reasons were given, state which of the reasons Gibson contends are false or a pretext for discrimination and identify all information which supports Gibson's contention that each reason is false or pretextual.

9.      Identify the reasons given for the termination of Gibson's employment which Gibson contends were not sufficient grounds for termination under WestPoint's policies and identify all information which supports her contention that each reason was not sufficient grounds for termination under WestPoint's policies.

---

[2] See Note 1, <u>supra.</u>

10.    Identify each and every fact, document, statement, representation, provision, term or condition that Gibson relies upon in support of her claim that her discipline or termination was discriminatory, or which Gibson otherwise contends supports the allegations of her complaint.

11.    Identify any direct evidence Gibson contends shows that she was discriminated against because of her age.

12.    Other than Gibson's communications with counsel, identify all communications between Gibson and any person where Gibson discussed the termination of her employment, the reasons for the termination of her employment, and the circumstances surrounding the termination of her employment, including the identity of the other person(s), the substance of each communication, the date of each statement, and the form of each statement, whether written, oral, electronic, by recording device or to a stenographer.

13.    Describe all efforts Gibson has made to obtain employment since her last day of work with WestPoint, by providing the name, address and telephone number of each employer from whom Gibson has sought employment.    State the type of employment Gibson sought, the date(s) on which Gibson sought employment, whether Gibson completed an application, whether Gibson was interviewed, and the result of Gibson's job search efforts.

14.    Identify any income derived from any employment, including self employment or contract employment, since Gibson's last day of work with WestPoint, including the type of work performed or services provided, the dates of each job or service, the amount of income derived from each job or service, the individual or entity

6

for whom such work or service was performed and any documents supporting income earned or jobs or services performed.

15.    State whether Gibson has applied for or received unemployment compensation. If Gibson applied for unemployment benefits, state the date(s) of each application(s) and the results of Gibson's application(s). If Gibson has received unemployment benefits, or is currently receiving unemployment benefits, state the amount(s).

16.    State whether Gibson has applied for or received any type of social security or disability benefits. If so, identify with whom Gibson applied, identify when Gibson applied, identify whether Gibson received benefits or payments, and identify any and all documents concerning Gibson's application and/or receipt of benefits.

17.    State whether Gibson has ever been arrested, charged with a crime, or convicted of a crime (felony or misdemeanor) and, if so, give the date of arrest, nature of the crime, date and manner of disposition.

18.    State whether Gibson has ever been involved as a party or witness in any other lawsuit, administrative charge, claim, grievance or action, whether formal or informal, and state the nature of the claim, Gibson's involvement, the parties involved, the state agency, court or entity in which the case was brought, the date of filing, the state in which it was brought and the disposition.

19.    Identify all documents Gibson or her counsel consulted or utilized in answering these interrogatories.

20.    For each of Defendants' First Requests to Admit Nos. 1 through 46 that is denied, set forth in detail with specificity each and every reason for the denial.

Dated this _19th_ day of February, 2007.

Respectfully submitted,

By: _Fred W. Suggs, Jr._
Fred W. Suggs, Jr. (#SUG-001)

OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
300 North Main Street
Post Office Box 2757
Greenville, South Carolina  29602
Telephone:   (864) 271-1300
Facsimile:    (864) 235-4754
E-Mail:       fred.suggs@odnss.com

James C. Pennington (#ASB-1287-N62J)
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
One Federal Place
1819 5th Avenue North, Suite 1000
Birmingham, Alabama  35203-2118
Telephone:   (205) 328-1900
Facsimile:    (205)328-6000
E-Mail:      james.pennington@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that on the _19th_ day of February, 2007, a copy of the DEFENDANTS FIRST INTERROGATORIES TO THE PLAINTIFF was sent via regular mail, postage prepaid, to:

Lateefah Muhammad
Post Office Box 1096
Tuskegee Institute, Alabama  36087

_Fred W. Suggs, Jr._
Fred W. Suggs, Jr.

4598562.1

8

# ATTACHMENT E

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA J. GIBSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | C. A. No. 3:06-CV-974-MEF |
| | ) | |
| WESTPOINT STEVENS, INC., and | ) | |
| WESTPOINT HOME, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO THE PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 34, the plaintiff, Patricia Gibson, ("Gibson"), is directed to produce for inspection and copying, within thirty (30) days after service, the documents described herein at the offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., One Federal Place, 1819 5th Avenue North, Suite 1000, Birmingham, Alabama 35203-2118, or at such other place as may be mutually acceptable. These requests shall be deemed continuing within the meaning of Rule 26(e) so to require supplemental answers a reasonable time before trial if additional information is obtained by Gibson or her counsel.

## INSTRUCTIONS AND DEFINITIONS

A.    For purposes of this request, **"document"** is used in its broadest sense, and means all tangible items and all written, printed, typed, recorded, transcribed, punched, taped, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, in your actual or constructive possession, custody or control, including, but not limited to, writings, records, correspondence, communications, letters, diaries, diary entries, logs, log books,

**ATTACHMENT E**

telegrams, telexes, memoranda, notes, reports, bulletins, summaries or other records of telephone or personal conversations, minutes or summaries of telephone or personal meetings and conferences, instructions, literature, work assignments, records, agreements, contracts, interoffice or intraoffice communications, microfilm, notebooks, calendars, appointment books, circulars, pamphlets, projections, estimates, charts, lists, tables, computer runs, tabulations, printouts, studies, notices, books, checks, credit card vouchers, statements of account, receipts, invoices, graphs, photographs, drafts, data sheets, data compilations, computer data compilations, statistics, worksheets, speeches or other writings, and tape or video recordings, and means the original, copy, or any non-identical copy, regardless of origin or location, which is within the scope of Federal Rule of Civil Procedure 34.

B.      In responding to these requests, produce all documents and things which are in your **possession or control** or can be obtained, upon reasonable inquiry from persons within your control, including documents and things in the possession, custody, or control of your attorneys, independent accountants, directors, trustees, officers, employees, or agents, or any person acting on behalf of or in concert with you or with any of these persons, and not merely documents and things from your own files, records, or facilities.

C.      **If you cannot respond to any of the following requests in full,** respond to the extent possible, specifying the reasons you are unable to respond in full, and provide whatever information you have concerning the unprovided things, documents, or portions of documents, including the source from which the things, documents, or portions of documents may be obtained.

D.      If documents or things requested are **not reasonably available** to you in

precisely the form requested, or for the particular date or period specified, but could be produced in a modified form and/or for a slightly different date or period, then you are requested to respond to that request in such form or for such date or period.

E.      If any document or thing which is responsive to a request is **no longer complete or has been altered,** state in what respect the document or thing is incomplete or altered and explain the reasons therefore.  If any such document or thing is **no longer in existence or no longer in your possession, custody, or control,** state the disposition which was made of the document or thing, the reasons for such disposition, the date of the disposition, the identity of the person(s) ordering, authorizing, and/or supervising such disposition, the substance or contents of the document or the nature of the thing disposed of, and the identity of all persons having knowledge of such document or thing.

F.      If any document or portion thereof is or will be withheld because of a claim of **privilege** or **work product** or is not produced for any reason other than destruction, that document is to be identified as follows:

   (1)  identify the author of the document;

   (2)  identify each person to whom the document indicates an original or copy thereof was sent, and any others who possessed the document;

   (3)  state the date of the document;

   (4)  state the number of pages, attachments, and appendices;

   (5)  state the name, title, and address of the custodian of the document;

   (6)  describe the subject matter of the document or portion thereof for which the privilege is claimed; and

   (7)  state the basis on which the privilege is or will be claimed or the

reason asserted for non-production.

G.    **"Person"** means and includes, without limiting the generality of its meaning, any natural person, corporate or business entity, partnership, association, group, governmental body, agency, or subdivision, committee, commission, or other organization.

H.    The terms **"concerning," "relate to,"** and **"relating to"** include referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, summarizing, showing, describing, reflecting, analyzing, constituting, or in any way relevant to the specified subject under Federal Rule of Civil Procedure 26.

I.    **"Communication"** includes any written or oral communication.

J.    As used here, the **singular form of a noun or pronoun** shall be considered to include within its meaning the plural form of the noun or pronouns so used, and vice versa. The male gender form of a pronoun shall also include the female gender form of the pronoun. The use of any tense of any verb shall include also within its meaning all other tenses of the verb so used.

K.    **"And"** and **"or"** shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

L.    **"Each," "any,"** and **"all"** are both singular and plural.

M.    Each document sought shall be **produced in and with the file folder and other documents** in which such document was located when this request was served.

N.    Each document sought shall be **produced in the condition and order of arrangement** in which they existed when this request was served and shall not be "shuffled" or otherwise rearranged when produced.

O.     This request is **continuing and** calls for prompt, further, and supplemental production whenever plaintiffs receive or discover an additional document sought to be produced.  You are notified of and referred to the Federal Rules of Civil Procedure regarding your ongoing duty to promptly supplement your response to this request for production if you obtain information upon the basis of which you know that your response was incorrect or incomplete when made, or you know that the response, though correct and complete when made, is no longer true and complete.

## REQUESTS FOR DOCUMENTS

The Plaintiff, Gibson, is directed to produce the following in accordance with the foregoing instructions and definitions:

1.     Any and all documents referenced in responding to Defendants' First Interrogatories to the Plaintiff.

2.     Any and all documents used in formulating Gibson's responses to Defendants' First Interrogatories to the Plaintiff.

3.     Any and all documents which evidence, support or corroborate all or part of an answer to any of Defendants' First Interrogatories to the Plaintiff.

4.     Any and all documents which refer, relate or concern the allegations contained in Gibson's Complaint, or WestPoint's Answer to Gibson's allegations.

5.     Any and all documents that identify persons who know the facts supporting the claims asserted by Gibson, including the address and telephone number of each such person and any facts known by each such person.

6.     Any correspondence to or from Gibson relating in any way to the events described in Gibson's Complaint.

7.     Each and every document upon which Gibson relies in claiming that she

has been discriminated against by WestPoint in any way because of her age.

8.      Each and every document which evidences any complaint by Gibson to anyone at WestPoint regarding age discrimination, and for each complaint, produce (a) each and every document that identifies the WestPoint personnel to whom Gibson complained; (b) each and every document that identifies the basis in fact for the claim, including the date of the formal complaint, the nature of the allegations of discrimination set out in the formal complaint, and the identity of the person or persons to whom the formal complaint was made.

9.      All of Gibson's federal and state income tax returns for the years 2000 to the present.

10.     All of Gibson's IRS Form W-2's for the years 2000 to the present.

11.     All diaries, journals or notes Gibson kept which contain any entries concerning the allegations in the Complaint or the defenses to those allegations.

12.     All documents of any kind relating to any claim for unemployment compensation which Gibson filed.

13.     Any and all documents that touch or concern any application for social security benefits.

14.     Any and all documents that touch or concern the process of foreclosure on Gibson's home.

15.     Any and all documents that touch or concern any personal bankruptcy proceeding for Gibson.

16.     Copies of any and all resumes, expert reports, opinions or conclusions and the most current curriculum vitae of any expert retained in this case.

17.     All documents, reports or notes prepared by or reviewed by any expert

retained in this case, or any treating physician or medical provider who has seen Gibson concerning any injuries, physical or mental, Gibson claims to have suffered as a proximate result of WestPoint's actions as alleged in Gibson's Complaint.

18.     Any and all documents that identify the nature and amount of damages Gibson has allegedly suffered and/or how items of alleged damage are calculated.

19.     Any and all documents supporting, evidencing, or corroborating any efforts Gibson made to mitigate her damages.

20.     All documents, not specifically called for above or below, which refer, relate, contradict, or support Gibson's claim for damages.

21.     Any and all documents Gibson has received from any third party relating to any claim or defense asserted, whether received through a subpoena or otherwise.

22.     Each and every other document of which you are aware which bears upon any allegations in your Complaint or the defenses in WestPoint's Answer.

23.     Each and every document which Gibson may use at trial.

24.     Each and every document concerning the efforts Gibson has made to obtain employment since her last day of work with WestPoint, including the name, address and telephone number of each employer from whom Gibson sought employment, the type of employment Gibson sought, the date(s) on which Gibson sought employment, and the result of Gibson's job search efforts.

25.     Each and every document showing any income Gibson derived from any employment, self employment or contract employment since Gibson's last day of work with WestPoint, and any document showing the type of work performed or services provided, the dates of each job or service, the individual or entity for whom such work or service was performed.

These requests shall be deemed to continue from the time of service until the trial of this case and any additional or supplemental information obtained after the service of your answers to these Interrogatories, whether by you or your attorneys, should promptly be submitted to the undersigned.

Dated this /9ᵗʰ day of February, 2007.

Respectfully submitted,

By: _Fred W. Suggs_

Fred W. Suggs, Jr. (#SUG-001)

OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
300 North Main Street
Post Office Box 2757
Greenville, South Carolina  29602
Telephone:   (864) 271-1300
Facsimile:   (864) 235-4754
E-Mail:   <u>fred.suggs@odnss.com</u>

James C. Pennington (#ASB-1287-N62J)
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
One Federal Place
1819 5ᵗʰ Avenue North, Suite 1000
Birmingham, Alabama  35203-2118
Telephone:   (205) 328-1900
Facsimile:   (205)328-6000
E-Mail:   james.pennington@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that on the /9ᵗʰ day of February, 2007, a copy of the DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF was sent via regular mail, postage prepaid, to:

Lateefah Muhammad
Post Office Box 1096
Tuskegee Institute, Alabama  36087

_Fred W. Suggs Jr._

Fred W. Suggs, Jr.

4599140.1

8

# ATTACHMENT F

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA J. GIBSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | C.A. NO.: 3:06-CV-974-MEF |
| | ) | |
| WESTPOINT STEVENS, INC., and | ) | |
| WESTPOINT HOME, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' FIRST REQUEST FOR ADMISSIONS TO THE PLAINTIFF

COMES NOW the Defendants, pursuant to Federal Rule of Civil Procedure 36, and requests that Plaintiff, Patricia Gibson ("Gibson"), admit the following facts under oath, within thirty (30) days of service. The answer to each request shall admit, specifically deny, or set forth in detail the reason(s) Gibson cannot truthfully admit or deny the matter. Failure to respond or object within thirty (30) days of service of these requests shall constitute an admission to each request.

### REQUESTS

1.    Admit you worked under the direct supervision of Billy Stewart from May, 2004 to February, 2005.

2.    Admit you worked under the direct supervision of Ronny Warren from February, 2005, until the termination of your employment.

3.    Admit you signed and acknowledged receipt of "A Guidebook for Hourly Associates" Booklet (hereinafter "Guidebook") on July 22, 2004 (WPH 000185; 000329-000392).

**ATTACHMENT F**

4.      Admit you signed and acknowledged receipt of "Build Your Job Security" Booklet on June 11, 1994 (WPH 000073).

5.      Admit you signed and acknowledged receipt of "Build Your Job Security" Booklet on September 1, 1998 (WPH 000141).

6.      Admit you signed and acknowledged receipt of "Build Your Job Security" Booklet on February 17, 2001 (WPH 000161).

7.      Admit you signed and acknowledged receipt of "Build Your Job Security" Booklet on December 12, 2002 (WPH 000175).

8.      Admit you signed and acknowledged publication of the Human Resources Policy Manual (hereinafter "HR Manual") on July 22, 2004 (WPH 000185).

9.      Admit on July 22, 2004, you were aware of the WestPoint policies on corrective action outlined in the Guidebook and HR Manual (WPH 000310-000312; 000364-000371).

10.     Admit on July 22, 2004, you were aware that WestPoint policy states that three warnings within a twelve month period results in termination of employment (WPH 000310-000322; 000369-000370).

11.     Admit you received notices for performance deficiencies while under the supervision of Greg Tilley (WPH 000079, 000088, 000093, 000116, 000124, 000146, 000173).

12.     Admit you received counseling for performance deficiencies during the period from 1995 to July, 2003, while under the supervision of Greg Tilley (WPH 000092, 000105, 000174).

13.     Admit you received two warnings while under the supervision of Greg

2

Tilley (WPH 000091, 000125).

14.    Admit you were terminated while under the supervision of Ronny Warren (WPH 000214, 000216).

15.    Admit you were terminated from employment with WestPoint Home on August 26, 2005 (WPH 000214).

16.    Admit your employment with WestPoint <u>Stevens</u> ended August 8, 2005 (WPH 000223-000299).

17.    Admit your employment with WestPoint <u>Home</u> began August 8, 2005 (WPH 000223-000299).

18.    Admit that WestPoint notified associates, including you, that oversight of the company's pension plans were transferred to the Pension Benefit Guarantee Corporation (PBGC).

19.    Admit that WestPoint notified associates, including you, that any questions regarding benefits should be directed to PBGC.

20.    Admit that PBGC administers the pension plans of WestPoint Home associates.

21.    Admit that your job as a Warper Operator required you to make warper beams with the correct number of ends.

22.    Admit that if the Warper Operator fails to count the correct number of ends, the warp beam will lack the required number of ends.

23.    Admit that if the warp beam lacks the required number of ends, the towel will not be manufactured correctly.

24.    Admit that incorrectly manufactured towels result in possible loss of

customer business or other penalties.

25.    Admit that a beam that is short on ends can be corrected by wasting the product, or running a special match beam.

26.    Admit that excessive waste and special match beams both result in a monetary loss to the company.

27.    Admit WestPoint maintains an Equal Employment Opportunity/Anti-Harassment/Retaliation policy that is in the Guidebook and HR Manual (WPH 000309, 000335).

28.    Admit WestPoint maintains a procedure for reporting complaints and problems, including discrimination and harassment (WPH 000323-000328, 000356-000360, 000393).

29.    Admit WestPoint's procedure for reporting complaints and problems is in the Guidebook and HR Manual (WPH 000323-000328, 000356-000360; 000393).

30.    Admit WestPoint's procedure for reporting complaints and problems is posted in the plant (WPH 000393).

31.    Admit WestPoint maintains a policy on discipline in the Guidebook (WPH 000369-371).

32.    Admit you were aware of the policies in Requests to Admit 27-31.

33.    Admit you never complained to anyone at WestPoint that you were being harassed or discriminated against because of your age.

34.    Admit Bill Anderson told you he would work with you to find you a more compatible job in an effort to avoid your termination.

35.    Admit Calvin Ogletree told you he would work with you to find you a

4

more compatible job in an effort to avoid your termination.

36.    Admit you rejected all efforts to place you in another position to avoid termination of your employment.

37.    Admit Billy Stewart did not participate in the decision to terminate your employment.

38.    Admit Calvin Ogletree did not participate in the decision to terminate your employment.

39.    Admit Jeff Black was over 40 years of age in August, 2005.

40.    Admit Bill Anderson was over 40 years of age in August, 2005.

41.    Admit Billy Stewart was over 40 years of age in August, 2005.

42.    Admit Ronny Warren was over 40 years of age in August, 2005.

43.    Admit Calvin Ogletree was over 40 years of age in August, 2005.

44.    Admit Tim Wilbanks was over 40 years of age in August, 2005.

45.    Admit Greg Tilley was over 40 years of age in August, 2005.

46.    Admit Clifford McCants was over 40 years of age in August, 2005.

Dated this _19th_ day of February, 2007.

Respectfully submitted,

By: _Fred W. Suggs_
Fred W. Suggs, Jr. (#SUG-001)

OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
300 North Main Street
Post Office Box 2757
Greenville, South Carolina  29602
Telephone:    (864) 271-1300
Facsimile:    (864) 235-4754
E-Mail:    fred.suggs@odnss.com

James C. Pennington (#ASB-1287-N62J)
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
One Federal Place
1819 5th Avenue North, Suite 1000
Birmingham, Alabama  35203-2118
Telephone:      (205) 328-1900
Facsimile:      (205)328-6000
E-Mail:         james.pennington@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that on the *19th* day of February, 2007, a copy of the DEFENDANTS' FIRST REQUEST FOR ADMISSIONS TO THE PLAINTIFF was sent via regular mail, postage prepaid, to:


Lateefah Muhammad
Post Office Box 1096
Tuskegee Institute, Alabama  36087

*Fred W. Suggs*
Fred W. Suggs, Jr.


4601158.1

6

# ATTACHMENT G

# Ogletree
# Deakins
ATTORNEYS AT LAW

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

The Ogletree Building
300 North Main Street
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: 864.271.1300
Facsimile: 864.235.4754
www.ogletreedeakins.com

April 3, 2007

**VIA FACSIMILE and U.S. MAIL**

Lateefah Muhammad, Esquire
P.O. Box 1096
Tuskegee Institute, AL 36087

   *Re:    Patricia Gibson v. WestPoint Stevens, Inc. and WestPoint Home, Inc.
   C. A. No.: 3:06-CV-974-MEF*

Dear Ms. Muhammad:

   We plan to telephone you this afternoon to discuss the items mentioned in this letter. If a call this afternoon is not convenient, please let us know some dates and times that are convenient.

   We renew our request that you immediately supply the documents mentioned in paragraph 2, and the computation of damages listed in paragraph 3 of Plaintiff's Initial Disclosures, which were served on March 2, 2007. More than sufficient time has elapsed for you to obtain these documents from your client and supply them to us.

   Ms. Gibson's answers to WestPoint Home's written discovery which was served on February 19 are past due. Discovery responses should have been served on us no later than Monday, March 26. If answers are not immediately provided, you will force us to bring this matter to the court's attention.

Sincerely,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Fred W. Suggs, Jr.

FWSjr:sab

## ATTACHMENT G

# ATTACHMENT H

C. T. Lateefah Muhammad 205-828-7702 (00630)

*[handwritten]* on 04.03.07 @ 2:54 P.M.

*[handwritten]* Said she was with someone and would call back this afternoon. Gave her my cell phone number.

**Ogletree Deakins**

ATTORNEYS AT LAW

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

The Ogletree Building
300 North Main Street
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: 864.271.1300
Facsimile:  864.235.4754
www.ogletreedeakins.com

April 3, 2007

**VIA FACSIMILE and U.S. MAIL**

Lateefah Muhammad, Esquire
P.O. Box 1096
Tuskegee Institute, AL  36087

Re:    *Patricia Gibson v. WestPoint Stevens, Inc. and WestPoint Home, Inc.*
       *C. A. No.: 3:06-CV-974-MEF*

Dear Ms. Muhammad:

We plan to telephone you this afternoon to discuss the items mentioned in this letter.  If a call this afternoon is not convenient, please let us know some dates and times that are convenient.

We renew our request that you immediately supply the documents mentioned in paragraph 2, and the computation of damages listed in paragraph 3 of Plaintiff's Initial Disclosures, which were served on March 2, 2007.  More than sufficient time has elapsed for you to obtain these documents from your client and supply them to us.

Ms. Gibson's answers to WestPoint Home's written discovery which was served on February 19 are past due.  Discovery responses should have been served on us no later than Monday, March 26.  If answers are not immediately provided, you will force us to bring this matter to the court's attention.

Sincerely,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Fred W. Suggs, Jr.

FWSjr:sab

**ATTACHMENT H**

Atlanta, GA ▪ Austin, TX ▪ Birmingham, AL ▪ Charleston, SC ▪ Charlotte, NC ▪ Chicago, IL ▪ Columbia, SC ▪ Dallas, TX ▪ Greensboro, NC ▪ Greenville, SC ▪ Houston, TX ▪ Indianapolis, IN
Kansas City, MO ▪ Los Angeles, CA ▪ Miami, FL ▪ Morristown, NJ ▪ Nashville, TN ▪ Phoenix, AZ ▪ Raleigh, NC ▪ St. Thomas, VI ▪ San Antonio, TX ▪ Tampa, FL ▪ Torrance, CA ▪ Washington, DC

# ATTACHMENT I

## VOICE MAIL MESSAGE FROM LATEEFAH MUHAMMAD
## RECEIVED TUESDAY, APRIL 3, 2007, 4:32 P.M.

Re:    *Patricia J. Gibson v. WestPoint Stevens, Inc.*
       *and WestPoint Home, Inc.*
       **Case No.: 3:06-CV-974-MEF**

       *Bobby Lee Sanks v. WestPoint Stevens, Inc.*
       *and WestPoint Home, Inc.*
       **Case No.: 3:06-CV-1092-T**

Fred, this is Lateefah Muhammad, getting back with you. We tried your cell phone but couldn't get through. At any rate, I got your letters regarding the *Sanks* and *Gibson* cases, and I apologize, certainly, for, you know, this delay and stuff, but, as I was just telling your assistant, I have been out of the office probably more so than I have been in the office this year. My family has been beset with illnesses, I mean, one after the next. As a matter of fact, I am getting ready now to go to CVS to get a prescription for my husband. You guys just have to do what you have to do to get the Court involved on this if you want, or whatever, but, you know, the only thing I can do is just ask if you will be a little bit more patient and let me have a little bit more time to get this stuff in. Certainly, you know, we do plan to respond, it's just that getting the time to do so has been my issue, and still is my issue. So, you know, I can probably tell you within the next week, you probably could get these things, and I'll work very hard to do that, but, you know, I don't know if they'll be a thing I can do, considering what I am going through here. You can ring me back, and if you want to look at a date certain, I would say by Friday of next week, let's see where we are and then go from there. Okay. I'm at (334) 727-1997. Thank you.

4756455.1

**ATTACHMENT I**

# ATTACHMENT J



**Ogletree Deakins**
ATTORNEYS AT LAW

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

The Ogletree Building
300 North Main Street
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: 864.271.1300
Facsimile:  864.235.4754
www.ogletreedeakins.com

April 4, 2007

**Via Facsimile and U.S. Mail**
**Fax:  334-727-1997**

Lateefah Muhammad, Esquire
P.O. Box 1096
Tuskegee Institute, AL  36087

> **Re:**  *Patricia Gibson v. WestPoint Stevens, Inc. and WestPoint Home, Inc.*
> *C. A. No.:  3:06-CV-974-MEF*

Dear Ms. Muhammad:

We are willing to grant an extension of time to provide answers to WestPoint's written discovery served on February 19, but since objections have not been made to date, all objections are deemed waived.  We are not willing to wait until "Friday of next week [to] see where we are," which we assume means Friday, April 13, but we are willing to agree upon a date certain by which you will provide answers to WestPoint's written discovery and supplement Plaintiff's initial disclosures.

We have no desire to file a motion to compel discovery if you agree to provide responses within a reasonable time.

Very truly yours,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Fred W. Suggs, Jr.

FWS, Jr./blg

**ATTACHMENT J**

# ATTACHMENT K

**Ogletree**
**Deakins**
ATTORNEYS AT LAW

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

The Ogletree Building
300 North Main Street
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: 864.271.1300
Facsimile: 864.235.4754
www.ogletreedeakins.com

April 9, 2007

***Via* Facsimile and U.S. Mail**
**Fax: 334-727-1997**

Lateefah Muhammad, Esquire
P.O. Box 1096
Tuskegee Institute, AL  36087

  **Re: *Patricia Gibson v. WestPoint Stevens, Inc. and WestPoint Home, Inc.***
    ***C. A. No.:  3:06-CV-974-MEF***

Dear Ms. Muhammad:

   Based on our telephone conversation today, we understand that you will supply us with answers to WestPoint's written discovery at least by facsimile no later than Friday, April 13. At that time, we will also discuss the subpoenas sent to Ms. Gibson's medical providers.

      Sincerely,

      OGLETREE, DEAKINS, NASH,
       SMOAK & STEWART, P.C.

      Fred W. Suggs, Jr.

FWS, Jr./blg

**ATTACHMENT K**

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Columbia, SC • Dallas, TX • Greensboro, NC • Greenville, SC • Houston, TX • Indianapolis, IN
Kansas City, MO • Los Angeles, CA • Miami, FL • Morristown, NJ • Nashville, TN • Phoenix, AZ • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Torrance, CA • Washington, DC

# ATTACHMENT L

# LATEEFAH MUHAMMAD, ATTORNEY AT LAW, P.C.

**3805 WEST MARTIN LUTHER HIGHWAY**
**TUSKEGEE, ALABAMA 36083**
**MAILING ADDRESS:**
**POST OFFICE BOX 1096**
**TUSKEGEE INSTITUTE, ALABAMA 36087**
**(334) 727-1997 TELEPHONE/FACSIMILE**
**lateefahmuhammad@aol.com**

13 April 2007

Fred W. Suggs, Jr., Esquire
OGLETREE DEAKINS, P.C.
300 North Main Street
Post Office Box 2757
Greenville, South Carolina 29602

**RE: OUR CLIENT FILE #06-0120/PATRICIA J. GIBSON**
     *GIBSON v. WEST POINT STEVENS, ET AL.,* **3:06cv974-MEF-TFM**

**RE: OUR CLIENT FILE #06-0104/BOBBY LEE SANKS**
     *SANKS v. WEST POINT, INC., ET AL.,* **3:06cv1092-MHT-CSC**

Dear Mr. Suggs:

Unfortunately, the process of getting the discovery requests completed is taking a bit longer than I had anticipated. My Clients will need a few more days to get all of the documents together. Particularly, since Mrs. Gibson's foreclosure, many of her documents have been lost and/or misplaced, and Mr. Sanks is in need of more time to locate certain documents, also. Therefore, I expect it will be next Friday, 20 April 2007, before I will able to get the completed requests to you.

If you have any comments and/or questions regarding this correspondence, please let me know.

Thank you for your cooperation.

Very truly yours,

Lateefah Muhammad

cc: Mrs. Patricia J. Gibson
    Mr. Bobby Lee Sanks

**ATTACHMENT L**

# ATTACHMENT M

# Ogletree Deakins

ATTORNEYS AT LAW

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

The Ogletree Building
300 North Main Street
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: 864.271.1300
Facsimile:  864.235.4754
www.ogletreedeakins.com

April 16, 2007

*Via* E-Mail and U.S. Mail

Lateefah Muhammad, Esquire
P.O. Box 1096
Tuskegee Institute, AL  36087

Re:  *Patricia J. Gibson v. WestPoint Stevens, Inc. and WestPoint Home, Inc.*
      Case No.:  **3:06-CV-974-MEF**

      *Bobby Lee Sanks v. WestPoint Stevens, Inc. and WestPoint Home, Inc.*
      Case No.:  **3:06-CV-1092-T**

Dear Ms. Muhammad:

Receipt of your letter dated April 13, 2007, is acknowledged.  Based on your representations, we will not file a Motion to Compel before Friday, April 20, 2007.

In each of the above-captioned cases, we served First Interrogatories, First Requests for Production of Documents, and First Requests for Admissions.  We have not received responses to any of the requests.  In addition, for the reasons previously pointed out, Plaintiff's initial disclosures are deficient.  We are at a loss in seeing how Ms. Gibson's and Mr. Sanks' inability to locate documents has prevented you from responding on their behalf to interrogatories and requests to admit.  We must, therefore, deem the requests for admissions to be admitted.

Sincerely,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Fred W. Suggs, Jr.

FWS, Jr./blg

## ATTACHMENT M