## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **Patricia J. Gibson,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.: 3:06-CV-974-MEF** |
| ) | |
| v. ) | |
| ) | |
| **WestPoint Stevens, Inc., and** ) | |
| **WestPoint Home, Inc.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## OBJECTION TO PLAINTIFF'S MOTION TO
## ALTER, AMEND OR VACATE ORDER

**COME NOW** the Defendants, WestPoint Stevens, Inc., and WestPoint Home, Inc., (collectively "WestPoint" or "Defendant"), and object to the Plaintiff's Motion to Alter (Doc 22) on the following grounds:

1. Plaintiff's motion alleges that "as of [May 8, 2007], the Plaintiff has responded to each of the Defendant's discovery requests as instructed by this Court." (Doc 22, ¶ 2). To the contrary, as of May 9, 2007, Defendant's counsel has not received any response whatsoever to the interrogatories, requests for production or requests for admissions served on February 19, 2007.

2. Defendant's memorandum supporting motion to compel discovery (Doc 19) and the evidence attached thereto demonstrates that Plaintiff and her counsel have been provided ample opportunity to respond to the Defendant's written discovery requests. Defendant's counsel have been reasonable in granting the Plaintiff's request for temporary extensions of time. The Court was also reasonable in allowing Plaintiff almost three months in which to respond to

the discovery requests before the May 8 deadline (Doc 21).  Furthermore, the Court provided Plaintiff's counsel an additional seven days to articulate her excuses for not cooperating in discovery, a deadline which also passed without compliance by the Plaintiff.

3.     Despite this leniency, Plaintiff and her counsel have demonstrated a patent disregard for the deadlines set forth in the Rules of Civil Procedure and this Court's order.

4.     Plaintiff and her counsel have now expressed numerous excuses for failing to comply with the discovery rules and this Court's order, ranging from mortgage foreclosure to an unexplained lack of access of computer files, from the illness of relatives, to the medical leave of the Plaintiff's attorney and her husband and her assistant.  During the almost three months in which Defendant has incurred mounting and unnecessary expenses in the pursuit of the discovery to which they are entitled, Plaintiff's counsel has never once sought any relief from the Court in the form of a motion for extension, a motion for stay, or a leave of absence from the Court.  It is incumbent upon a ligitigant to seek affirmative relief from the Court when faced with "extenuating circumstances," rather than simply failing to meet her obligations and seeking pardon after sanctions have already been imposed.

5.     Despite Plaintiff's assertion of "no harm no foul," Defendant has indeed been prejudiced by Plaintiff's refusal to make discovery.  The scheduling order requires all dispositive motions to be filed by August 6, 2007.  The scheduling order requires "all supporting evidence" to be filed with a dispositive motion.  Defendant has been unable to gather evidence in support of its anticipated summary judgment motion through no fault of Defendant or its counsel, but solely due to the Plaintiff's dilatory behavior.  Defendant now has a mere 90 days in which to obtain written discovery responses, take necessary depositions and obtain evidence by subpoena from third parties if the written discovery responses and depositions indicate a necessity to do so.

Defendant contends that there is not sufficient time to engage in the entire discovery process within that 90-day time frame and still have sufficient opportunity to prepare a well-supported motion for summary judgment.

6.      Furthermore, the Plaintiff's delay in making discovery jeopardizes the timely progression of this case. Trial is set for December 10, 2007. If Plaintiff is allowed to continue her pattern of dilatory discovery conduct, this case will not be sufficiently prepared for trial or the pretrial process.

7.      Plaintiff voluntarily chose to prosecute this case in this Court and she chose her attorney. If either the Plaintiff or her counsel is unable or unwilling to prosecute this action within the Federal Rules of Civil Procedure and in compliance with the orders of this Court, either Plaintiff or her counsel must end her involvement in the action.

**WHEREFORE**, premises considered, Defendant respectfully requests this Honorable Court to deny the Plaintiff's motion to alter, amend or vacate order.

Dated this 9th day of May, 2007.

Respectfully submitted,

**/s/ James C. Pennington**
James C. Pennington
(ASB-1287-N62J)

OGLTREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place
1819 5th Avenue North, Suite 1000
Birmingham, Alabama  35203-2118
Telephone: (205) 328-1900
Facsimile:  (205) 328-6000
James.Pennington@odnss.com

Fred W. Suggs (ASB-3587-G61F)
OGLTREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

300 North Main Street (29601)
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: (864) 271-1300
Facsimile:  (864) 235-4754
Fred.Suggs@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2007, I electronically filed the foregoing **Objection to Plaintiff's Motion to Alter, Amend or Vacate Order** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Lateefah Muhammad

Respectfully submitted,

**/s/ James C. Pennington**
OF COUNSEL.

4950143.1