UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **Patricia J. Gibson,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No.:  3:06-CV-974-MEF |
| ) | |
| v. ) | |
| ) | |
| **WestPoint Stevens, Inc., and** ) | |
| **WestPoint Home, Inc.,** ) | |
| ) | |
| **Defendants.** ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO ORDER TO SHOW CAUSE**

COME NOW, the Defendants, WestPoint Stevens, Inc. ("WPS") and WestPoint Home, Inc. ("WPH") (collectively "WestPoint" or "Defendants"), and pursuant to Rules 26 and 45, submit the following:

In her response to the Court's Order to Show Cause, Plaintiff argues that Defendants' subpoena to Dr. Whatley for her medical records "is too broad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant or admissible evidence, and that it infringes upon the Plaintiff's right to privacy…." (Plaintiff's Response to Order to Show Cause ("Response") at ¶ 3).  Plaintiff contends that she "has not made any allegation in her Complaint which requires a review of her medical records by the Defendants.  *Id*. at ¶ 3.  Contrary to Plaintiff's representation in her Response, and as Defendants' cited in their Memorandum Opposing Dr. Whatley's Motion for Protective Order, Plaintiff seeks unspecified compensatory damages in her Complaint, and in her Rule 26 Initial Disclosures claims damages for "health

conditions along with medical expenses."[1]  (Defendants' Memorandum Opposing Motion for Protective Order at 2).

Despite Plaintiff's claims of "privacy rights" in her medical records, the United States Supreme Court has held that there is no physician-patient privilege under the federal common law.[2,3]  *Whalen v. Roe*, 429 U.S. 589, 602, n. 28, 51 L. Ed. 2d 64, 97 S. Ct. 869 (1977).  When confronted with challenges to the discovery of plaintiffs' medical records in employment discrimination cases, courts have found that "it is Plaintiffs' burden to [*sic*] show that there 'no possibility' that the requested records may be relevant to the claim or defense of any party or are of 'such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'"  *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473-74 (N.D. Tex. 2005) (granting motion to compel production of medical records where plaintiffs did not tender the disputed medical records for *in camera* review or otherwise provide a description of the medical records sufficient to allow the court to independently determine relevance or weigh potential harm of disclosure.) quoting *Scott v. Leavenworth Unified School Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999).  In her five (5) paragraph Response, filed at 11:16 p.m. CDT on Friday May 25, 2007, Plaintiff did not attempt to make any such showing.

Because Plaintiff has made only a conclusory assertion and made no showing that the medical records are not relevant to her alleged "health conditions" and "medical expenses," this Court should follow the great majority of District Courts faced with challenges to the discovery

---

[1]     Plaintiff has not specified her "health conditions" and "medical expenses."
[2]     Any of Plaintiff's concerns over her "privacy rights" should be alleviated by the parties agreement on a protective order governing the production of confidential documents in this action.  On February 21, 2007, the parties filed a Joint Motion for Consent Protective Order, and the Court granted that Motion on February 22.
[3]     *Osterneck v. E. T. Barwick Industries, Inc.*, 82 F.R.D. 81 (N.D. Ga. 1979) (in federal question case, state privilege need not be honored if it is broader than those recognized at common law).

of medical records in employment discrimination cases and order Dr. Whatley to produce the records subject to Defendants' subpoena. *See Workman v. Carolina Freight Carriers Corp.*, 1994 U.S. Dist. LEXIS 13878, *10 (M.D. Ala. April 8, 1994) (denying plaintiffs' motion for a protective order and motion to quash a subpoena for medical records to plaintiff's doctor) (attached as Exhibit G to Defendants' Memorandum Opposing Dr. Whatley's Motion for Protective Order); *Garrett v. Sprint PCS*, 2002 U.S. Dist. LEXIS 1914, 2002 WL 181364 (D. Kan. Jan. 31, 2002) (finding that plaintiff's intent not to present expert testimony in support of her emotional distress claim did not make medical records and information any less relevant) (Attached Exhibit A); *LeFave v. Symbios, Inc.*, 2000 U.S. Dist. LEXIS 22278, 2000 WL 1644154, *2 (D. Colo. 2000) (finding that medical records were relevant to claim for emotional distress damages and to defense against claim because they could reveal unrelated stressors) (Attached Exhibit B); *Simpson v. University of Colorado*, 220 F.R.D. 354, 365 (D. Colo. 2004) (finding that medical records were relevant and should be disclosed).

For the foregoing reasons and those cited in Defendants' Memorandum Opposing Dr. Whatley's Motion for Protective Order, Defendants respectfully request that the Court deny the Motion for Protective Order and compel Dr. Whatley to produce the documents requested in the Defendants' subpoena *duces tecum* within seven (7) days of the Court's order.

Dated this 29th day of May, 2007.

        Respectfully submitted,

        **/s/ Fred W. Suggs, Jr.**
        Fred W. Suggs, Jr.
        (ASB-3587-G61F)

OGLTREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
300 North Main Street (29601)
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: (864) 271-1300
Facsimile: (864) 235-4754
Fred.Suggs@ogletreedeakins.com

James C. Pennington (ASB-1287-N62J)
OGLTREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place
1819 5th Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
James.Pennington@odnss.com

## CERTIFICATE OF SERVICE

    I hereby certify that on May 29, 2007, I electronically filed the foregoing **Defendants' Reply to Plaintiff's Response to Order to Show Cause** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Lateefah Muhammad

    I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

        Robert H. Pettey, Jr.
        Samford & Denson, LLP
        P.O. Box 2345
        Opelika, AL 36803-2345

        Respectfully submitted,

        **/s/ Fred W. Suggs, Jr.**
        Fred W. Suggs, Jr.

4981614.2