IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA J. GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0974-MEF |
| | ) | |
| WESTPOINT STEVENS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION AND QUALIFIED HIPAA PROTECTIVE ORDER**

Upon consideration of Dr. Whatley's *Motion for Protective Order by Non-Party* (Doc. 33, filed May 18, 2007), *Defendants' Memorandum Opposing Motion for Protective Order* (Doc. 35, filed May 24, 2007), and *Plaintiff's Response to Order to Show Cause* (Doc. 36, filed May 25, 2007), it is for good cause

**ORDERED** that James R. Whatley, M.D. shall produce the documents as requested by the subpoena *duces tecum* **within ten (10) days of this order**. Plaintiff's response to the show cause order states "Plaintiff has not made any allegation in her Complaint which requires a review of her medical records by the Defendants." Yet the copy of Plaintiff's Initial Disclosures[1] clearly shows Plaintiff was the one to put Plaintiff's health and medical records at issue. Specifically, Plaintiff states "[f]urther, the Plaintiff has medical records indicating health conditions along with medical bills." Plaintiff's Initial Disclosures ¶ 2.

---

[1] Attached as Exhibit A to *Defendants' Memorandum Opposing Motion for Protective Order by Dr. Whatley* (Doc. 35-2).

Therefore, Defendant is clearly entitled to review Plaintiff's medical records. Plaintiff's objections to the use of the medical records is a question of "admissibility" not "discoverability." Under Rule 26, discoverable information is not limited to admissible information so long as it appears "reasonable calculated to *lead* to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1) (emphasis added) Moreover, Plaintiff has not filed a motion to quash or any other such vehicle for officially objecting to the scope of the subpoenas.

It is further **ORDERED** that the Motion for Protective Order is **GRANTED**. Consequently, the Court enters a **QUALIFIED HIPAA PROTECTIVE ORDER.** Accordingly, the parties and all interested non-parties shall be governed as follows:

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended

to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. *See* 45 C.F.R. §§ 163.502(b); 164.512(e)(1)(v).

DONE this 30th day of May, 2007.

>/s/Terry F. Moorer
>TERRY F. MOORER
>UNITED STATES MAGISTRATE JUDGE