IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATRICIA J. GIBSON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WESTPOINT STEVENS, INC., et al., )<br>)<br>    Defendants. ) | CASE NO. 3:06-CV-0974-MEF |

## ORDER

Upon of review and consideration of *Plaintiff's Motion for Reconsideration of Magistrate's Order* (Doc. 28, filed May 14, 2007) and the arguments set out therein, it is for good cause

**ORDERED** that *Plaintiff's Motion for Reconsideration of Magistrate's Order* (Doc. 28) is **DENIED**.

Under FED. R. CIV. P. 37(a)(4), the victorious party is entitled to recover its expenses, including reasonable attorneys fees from the losing party. Moreover, "Rule 37(a)(4) presumptively requires every loser to make good the victor's costs." *See Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). "The great operative principle of Rule 37(a)(4) is that the loser pays, unless the loser can demonstrate that its position, while unsuccessful, was 'substantially justified.'" *Cal Dive Intern., Inc. v. M/V Tzimin (ex Stena Seahorse*, 127 F.R.D. 213, 217 (S.D. Ala. 1989) (quoting *Hansen v. Shearson American Express*, 97 F.R.D. 465 (E.D.Pa. 1983)). Determining whether the respondent's defense is

"substantially justified" requires that the court's focus "must be on the quality of the justification and the genuineness of the dispute..." *See id.* (quoting *Alvarez v. Wallace*, 107 F.R.D. 658, 662 (W.D. Tex. 1985)).

Plaintiff did not demonstrate to the Court adequate justification for the delays. While the Court sympathizes with counsel's circumstances, that does not relieve her or her client of the obligation to timely respond to discovery requests. The discovery requests were served on February 19, 2007. Defense counsel attempted on several occasions to resolve the discovery dispute without court intervention, and Plaintiff's counsel made at least one statement the discovery would be provided within the next week. Thus, the Court finds Defendant made a good faith effort to obtain the discovery prior to involving the Court. However, the discovery responses were not provided and Defendant, to protect its own interests, had to file a Motion to Compel. After the motion was filed, the court gave Plaintiff until April 30, 2007 to show cause why the motion should not be granted. Plaintiff did not timely file a response so the Court granted the Motion to Compel. It was not until *after* the Court had granted the Motion to Compel that counsel chose to respond. The Court scheduled a hearing on *Plaintiff's Motion to Alter, Amend or Vacate Order* (Doc. 22) and *Defendants' Motion for Fees and Expenses* (Doc. 24). After considering the arguments of both parties, the Court did not find Plaintiff's counsel's reasons for her failure to respond to the discovery requests to be substantially justified nor did it find any reason why the award of expenses would be unjust. The Court awarded reasonable expenses in the amount of $2500.00 and denied Plaintiff's request to vacate the *Motion to Compel* (Doc. 18). The award was

substantially less than the $4,303.50 Defendant sought.  Further, the Court vacated its prior order deeming the request for admissions.

To clarify the Court's oral ruling at the hearing, the imposition of $2500.00 in attorneys fees was awarded jointly against Plaintiff <u>and</u> Plaintiff's counsel as the Court determines both were at fault for the delay.  *See, e.g. Hoffman v. United Parcel Service, Inc.*, 206 F.R.D. 506, 507 (D. Kan. 2002).  As such, Plaintiff is not solely responsible for the award.  To ensure no further confusion, Plaintiff's counsel is responsible for half of the $2500.00 award.

DONE this 18th day of June, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE