UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **Patricia J. Gibson,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No.: 3:06-CV-974-MEF |
| ) | |
| v. ) | |
| ) | |
| **WestPoint Stevens, Inc., and** ) | |
| **WestPoint Home, Inc.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANTS WESTPOINT STEVENS, INC.'S AND WESTPOINT HOME, INC.'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the defendants, WestPoint Stevens, Inc., and WestPoint Home, Inc. ("WestPoint"), and pursuant to Federal Rule of Civil Procedure 56, moves this Honorable Court to enter a judgment in WestPoint's favor and dismiss this case with prejudice. In support of this motion, WestPoint shows the Court that there are no disputed issues of material fact and WestPoint is entitled to judgment as a matter of law. In further support of this motion, WestPoint shows the Court as follows:

1. Plaintiff Patricia J. Gibson ("Gibson" or "plaintiff") failed to timely file a charge with the Equal Employment Opportunity Commission regarding the claims alleged in this lawsuit. Since Gibson is required to file a charge within 180 days of discrimination, and failed to do so, her claims in this lawsuit are barred.

2. Even if Gibson's EEOC charge was timely with regard to her termination, Gibson's claims for disciplinary actions are time barred because they occurred more than 180 days before the filing of her charge.

3. Even if Gibson's charge was timely, Gibson cannot present substantial evidence in support of a *prima facie* case of discrimination on the basis of age. Specifically, Gibson has no direct evidence, circumstantial evidence, or statistical evidence of discrimination against her based on her age.

4. Gibson has presented no statistical evidence to show discrimination.

5. Gibson's purported direct evidence of discrimination does not meet the legal requirements of direct evidence. To the extent that Gibson alleges direct evidence of discrimination, Gibson cannot show any causal connection between the alleged evidence and any adverse employment action.

6. Gibson cannot produce substantial evidence that any similarly situated persons outside the protected category were treated better than she.

7. WestPoint terminated Gibson's employment for legitimate, nondiscriminatory reasons.

8. Gibson cannot present substantial evidence that WestPoint's articulated, legitimate, nondiscriminatory reasons for counseling her or terminating her employment were pretexts for intentional age discrimination.

9. Gibson cannot show that any of WestPoint's decisions regarding her discipline or termination of her employment were based on her age.

WHEREFORE, WestPoint respectfully requests that this Honorable Court enter judgment in favor of WestPoint and dismiss this action in its entirety, awarding WestPoint its reasonable costs and fees incurred in defense of this action.

<mark>

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark/>

<mark/>

Dated this 3rd day of August, 2007.

Respectfully submitted,

**/s/ Fred W. Suggs, Jr.**
Fred W. Suggs, Jr.
(ASB-3587-G61F)

OGLTREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
300 North Main Street (29601)
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: (864) 271-1300
Facsimile: (864) 235-4754
Fred.Suggs@ogletreedeakins.com

James C. Pennington
(ASB-1287-N62J)
OGLTREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place
1819 5th Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
James.Pennington@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2007, I electronically filed the foregoing **Defendants WestPoint Stevens, Inc.'s and WestPoint Home, Inc.'s Motion for Summary Judgment** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Lateefah Muhammad*

Respectfully submitted,

**/s/ Fred W. Suggs, Jr.**
OF COUNSEL.

5055254.2